UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHERYL TALKE, | : | |
| | : | Civil Action No. 13-6783 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | REPORT & RECOMMENDATION |
| | : | |
| GENERAL ELECTRIC, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the Order To Show Cause hearing held on July 21, 2014.  [Docket Entry No. 17].  For the reasons that follow and as stated on the record, it is respectfully recommended that the case be dismissed.

## BACKGROUND

This matter was removed from the New Jersey Superior Court, Somerset County. In the original complaint, Plaintiff alleges that Defendant has infringed upon her patents for energy efficient light bulbs.  Plaintiff alleges that defendant sold the rights to several designs of mercury-free bulbs without her consent.  This Court has previously held proceedings on the record on March 3, 2014 and May 1, 2014 [Docket Entries Nos. 12 & 14] and entered orders memorializing instructions to Plaintiff regarding her discovery obligations, including production of  Fed. R. Civ. P. ("Rule") 26 disclosures.  [Docket Entries Nos. 13 & 15].  Despite receiving extensions, Plaintiff has made no production to date.  The Court additionally advised Plaintiff that subpoenas could be issued to non-parties in possession of relevant information.  In this context, Plaintiff was instructed to

issue subpoenas to all entities and/or individuals who possessed documents relevant to any claims or defenses put forth by the parties. In response to the Court's Order to Show Cause [Docket Entry No. 16], Plaintiff submitted a letter dated June 30, 2014 that indicated subpoenas had been issued (attached below). Despite these representations, it does not appear that any subpoenas were submitted to either the Court or opposing counsel nor has any of the basic Rule 26 discovery been produced.[1]

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id*.

In *Poulis v. State Farm Casualty Co.* (747 F.2d 863 (3d Cir. 1984)), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. These factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Id.*, at 868.

As no single *Poulis* factor is determinative, dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 Fed App'x 252, 254-55 (3d Cir.

---

[1] Plaintiff's informal request for appointment of counsel was denied without prejudice on the record during the July 21, 2014 Order to Show Cause hearing.

2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

As set forth below, the Court examines the six *Poulis* factors in relation to Plaintiff's conduct in this matter. For the reasons that follow, the Court finds that the dismissal of Plaintiff's claims is warranted.

1. **Plaintiff's Personal Responsibility.** In this case it appears that Plaintiff is solely responsible for her failure to comply with this Court's Orders and to prosecute her case. In this regard, Plaintiff not only personally failed to comply with the Federal Rules of Civil Procedures by failing to timely respond to Defendants' discovery requests without the need for court intervention, but also on three separate occasions failed to comply with this Court's Orders by not issuing subpoenas to parties that might possess relevant information.

2. **Prejudice to Defendants.** Plaintiff's failure to respond to discovery requests and also to comply with this Court's Orders has prejudiced Defendants. It would be unjust and untenable to require Defendant to defend this matter without the benefit of discovery. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness.** Plaintiff has a history of dilatoriness. For example, Plaintiff failed to provide discovery responses, which were requested by Defendants in March. Additionally, Plaintiff has filed at least one prior case in this Court containing similar allegations. (*See* Civil Action No. 13-1295

3

(PGS)(DEA)). That matter was also dismissed due to Plaintiff's inability to provide discovery.

4. **Willfulness or Bad Faith.** The Court cannot conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willfully unresponsive to Court orders and to requests from Defendant.

5. **Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous opportunities to do so, Plaintiff has failed to provide discovery. Presently, it appears futile to allow this matter to go forward. On these facts, no lesser sanction would be effective. *See Joyce v. Cont'l Airlines, Inc.*, 2011 WL 2610098 (D.N.J., June 15, 2011).

6. **Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim.

In sum, Plaintiff has been unable or unwilling to provide even basic discovery relating to the claimed patents. The balance of *Poulis* factors weigh in favor of dismissal. As a result, as a sanction, the Court recommends that Plaintiff's claims against Defendants be dismissed and that this matter be dismissed without prejudice.

## CONCLUSION

The Court having given consideration to the *Poulis* factors;

IT IS on this 31st day of July, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to FED.R.CIV.P. 41(b); and it is further

ORDERED that the Clerk of the Court activate the instant Report and Recommendation so as to indicate that it requires further action by the District Court.

Parties are advised that pursuant to Fed. R. Civ. P. 72(b)(2), they may file an objection to the disposition recommended herein within 14 days of being served with a copy of this Report and Recommendation.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**